GOULD, APPELLEE, *v.* THE YOUNGSTOWN MUNICIPAL RY. CO., APPELLANT.

(Decided November 10, 1939.)

*Mr. David C. Haynes,* for appellee.
*Messrs. Harrington, Huxley & Smith,* for appellant.

NICHOLS, P. J.   This action arose out of a collision at the corner of Market and Boardman streets in the city of Youngstown, about 12:15 a. m., November 18, 1937.   Plaintiff, appellee here, was driving a two-door Plymouth de-luxe coach in a northerly direction on Market street, approaching Boardman street, intending to make a right hand turn into Boardman street. One of the busses of appellant, operated at the time by its servant acting in the scope and course of his employment, had stopped in front of the Sears-Roebuck store at the southeast corner of Boardman and Market streets for the purpose of discharging and taking on passengers.

There is a conflict in the testimony as to whether the bus, as it was stopped in front of the Sears-Roebuck store was adjacent to the easterly curb line of Market street, as testified by appellee; or was along-

side another automobile parked in the place provided for the bus stop, as testified by the operator of the bus.

Appellee testified that he first observed the bus standing at the corner of Boardman and Market streets as he crossed over Front street a short block away, the traffic lights being green in his favor simultaneously at Front and at Boardman streets.

Appellee described what happened as follows:

"There was nothing in front of me at all, or nothing back of me. There was a bus parked almost in line with Boardman street, that is, the front end, and almost perfect alignment, I would say, with Market, in a northerly and southerly direction. * * * as I approached the green light on Boardman, I wanted to make the turn at Boardman and the bus was standing still, and I had the traffic light in my favor to either go ahead or make a right turn, and I looked behind me and I saw there wasn't anything behind me, and there wasn't anything in front of me then, and the bus was at my side and standing still, so I made my turn and I got in a position probably right angles to the bus, and right angles to Market street, pointing down Boardman, and the bus made a jump of probably ten foot and into my side, into my door."

On cross-examination appellee was inquired of as follows:

"Q. Did you give any signals that you were going to turn? A. No, except I looked in back of me, looked in front of me, there wasn't anything in either direction.

"Q. I say, did you give any signals that you were going to make a turn to your right? A. No."

The bus driver being inquired of as to whether appellee "gave any signals to you visible outside his automobile that he was going to make any turn to the right on Boardman street off Market," answered, "No, sir. No signal whatsoever."

The bus driver testified that as he proceeded north-

erly on Market street to the intersection of Boardman street, an automobile was parked partly in the space provided for the bus stop, "so I pulled directly straight, I made no effort to get into the curb on account of the parked car." He testified that the bus was then stopped parallel with the east curb of Market street, the right side of the bus from seven to ten feet away from the curb; that the bus was eight feet four and one-half inches wide and was stopped a little ways back of the extended south line of the Boardman street sidewalk; that after he had discharged and loaded passengers at this intersection and had closed the door of the bus the traffic light was red so that he could not immediately proceed but had to wait a matter of a few seconds until the light changed to green; that the automobile of appellee was at no time out in front of his bus so as to be at right angles to Market street and with the front of it headed into Boardman street at the time he started the bus; that he had moved the bus possibly eight or ten feet when he heard a scraping noise and glanced to the left and "I saw this car which had touched the side of my bus, in other words, scraped along the side, and I immediately applied my brakes, and the car continued on; in other words, at a right turn, and stopped at the corner of my bus; in other words, the corner of my bus was about in the middle of the automobile that came up alongside * * * and after the contact with the side of my bus, I immediately stopped, applied my brakes."

Various witnesses testified, those for appellee verifying appellee's version of the occurrences, and those for appellant verifying somewhat the version of the bus driver.

The trial resulted in a verdict of the jury in favor of plaintiff, upon which judgment was rendered after the overruling of motion for new trial. The cause comes into this court on appeal by the railway company upon questions of law, and is submitted to the two judges

constituting a quorum of the court, appellant having withdrawn from the assignment of errors his claim that the verdict of the jury is not sustained by and is against the manifest weight of the evidence.

The sole contention of appellant is that the trial court erred in overruling its motions made at the close of plaintiff's evidence, at the close of all the evidence in the case, and in failing to sustain its motion for judgment notwithstanding the verdict. It is now contended by appellant that this court should render final judgment in its favor by reason of the evidence having shown by the admission of plaintiff, as well as by all the evidence in the case, that plaintiff failed to comply with that portion of Section 6310-22, General Code, which constitutes a specific requirement of law, to wit, "Drivers of vehicles before turning, * * * or changing their course shall * * * cause signals to be made of their intention in a way visible outside the vehicle."

In support of its contention appellant cites the decision of this Court of Appeals in the case of *Hankey Baking Co.* v. *Sheen,* 57 Ohio App., 58, 11 N. E. (2d), 287. In that case we held that the plaintiff, Sheen, was guilty of negligence as a matter of law in that he violated the mandatory provisions of Section 6310-22, General Code, in that as a driver of a vehicle upon a public highway, about to turn off the highway to the left into a certain lane or road, he failed to cause signals to be made of his intention in a way visible outside the vehicle. We further held that under the facts shown in the record of that case reasonable minds could not differ but must find that Sheen's negligence directly and proximately contributed to the injuries of which he complained.

As in the *Sheen case,* plaintiff in this action, Edward T. Gould, was likewise guilty of negligence as a matter of law in that he failed before turning from Market street into Boardman street to give the signals required by Section 6310-22, General Code; but it is the

conclusion of this court that the facts shown in the record are such as that reasonable minds could come to different conclusions upon the proposition whether appellee's negligence as a matter of law in failing to give such signals was a direct and proximate contributing cause of the collision which resulted in his injuries. Although appellee was guilty of negligence as a matter of law in failing to give the signals required by the Code section, it cannot be held as a matter of law that such negligence was the direct and proximate cause of the collision and his resultant injuries. It was for the jury under all the circumstances to determine whether appellee's negligence directly contributed to his injuries. See *Smith* v. *Zone Cabs,* 13E Ohio St., 415, 21 N. E. (2d), 336.

It follows that the trial court did not commit error in overruling defendant's motion for directed verdict or its motion for judgment notwithstanding the verdict.

We understand that although appellant in its brief urged that error intervened in the trial court in connection with the charge to the jury, it has been stated in oral argument that the sole error relied upon is that the court failed to sustain its motions for directed verdict and for judgment notwithstanding the verdict. However, we have carefully examined the charge of the court to the jury and find no error therein prejudicial to the rights of appellant; and having examined all of the errors assigned and finding no prejudicial error in the record, the judgment of the Commor Pleas Court is affirmed.

*Judgment affirmed.*

CARTER, J., concurs.

PHILLIPS, J., not participating.