Turner, J.
 

 The question for decision is: Did’ the Court of.Appeals err in affirming the judgment: of the trial court notwithstanding the answers of the jury to the two interrogatories set out above?
 

 The Court of Appeals journal entry contains the following:
 

 “* * * the court finds that there is no error manifest upon the face of the record in said orders and judgment of said Court of Common Pleas.”
 

 The motion to certify was sustained upon the representation that the affirmance of the trial court A judgment by the Court of Appeals was under the doctrine of comparative negligence.
 

 While the judgment of affirmance was concurred in by all members of the Court of Appeals, the opinion apparently was not concurred in by two of the judges. Therefore, it will be necessary in discussing the opinion to refer to it accordingly.
 

 The writer of the Court of Appeals’ opinion answered the question here for decision in the affirmative-as follows:
 

 “The answers to these interrogatories [set out in statement] clearly indicate that the jury found plaintiff was guilty of negligence as a matter of law at the-time and place she was struck and injured.” (For reasons stated later, we do not agree with this conclusion.)
 

 However, the writer of such opinion came to the further conclusion that this court had adopted the-
 
 *526
 
 doctrine of comparative negligence and, therefore, gave that as his reason for affirming the. judgment of the trial court.
 

 The case of
 
 Smith
 
 v.
 
 Zone Cabs, a Partnership,
 
 135 Ohio St., 415, 21 N. E. (2d), 336, came to this court from that same Court of Appeals. In the course of such opinion the writer said:
 

 “In the
 
 Smith case
 
 this court found (and so stated in our opinion,
 
 although
 
 recognition>
 
 of that fact was not given in the opinion in the Supreme Court,)
 
 that ¡reasonable minds could not differ but must find that plaintiff’s negligence directly and proximately contributed to his injuries. The writer of this opinion remains of the view that Smith’s injuries were brought about by'the concurrent negligence of both parties directly and proximately operating; * * *. [Italics ours.]
 

 “It necessarily follows from the
 
 Smith case,
 
 as followed and approved in the
 
 Glasco case [Glasco
 
 v.
 
 Mendelman,
 
 143 Ohio St., 649, 56 N. E. -(2d), 2101, that the doctrine of contributory negligence as heretofore well known and universally applied by the courts of Ohio is now supplanted by the doctrine of comparative negligence, the comparison resting with the jurors as the possessors of reasonable minds. * * *”
 

 The conclusion drawn in such opinion from the
 
 Smith
 
 and
 
 Glaseo cases
 
 is wholly unwarranted.
 

 This court did not in either the
 
 Zone Gabs case
 
 or in the
 
 Glaseo case
 
 adopt the doctrine of comparative negligence. What was held in both those cases was' that where reasonable minds may differ on the conclusion to be drawn from the evidence on whether .a plaintiff’s negligence directly contributed to produce his own injury the determination of such question of proximate cause was for the jury. On this •-phase of the case it was stated in the syllabus of the
 
 '.Zone Gabs case
 
 as follows:
 

 
 *527
 
 “In a personal injury action by a pedestrian against an operator of a motor vehicle, where it appears from the evidence that the pedestrian is guilty of negligence
 
 per se
 
 * * * the issue still remains as to whether-pedestrian’s negligence directly contributed to produce his own injury and is one for the jury provided the state of record is such that reasonable minds may differ on the conclusions to be drawn from the evidence on that issue.” .
 

 Paragraph one of the syllabus'in the
 
 Glaseo case
 
 reads:
 

 “In an action for personal injury where the jury determined that the negligence of the defendant was the sole proximate cause of the injury (even though plaintiff admittedly was guilty of negligence) and judgment was entered upon such verdict, on appeal on questions of law alone, a Court of Appeals is without authority to reverse such judgment and to render final judgment in favor of the defendant, where the evidence is such that reasonable minds could come to different conclusions upon the question of proximate cause.”
 

 The theory of comparative negligence was neither raised nor discussed in the trial court in the instant case. However, negligence and contributory negligence were both raised and both properly charged upon.
 

 The trial court in the charge to the jury said:
 

 “Now, if you find the decedent to have been negligent directly contributing to bring about her own injury, then the defense of contributory negligence is a defense in the action and there could not be any recovery. If, upon the other hand, you fail to find that she was contributorily negligent, that is,' negligence directly contributing to bring about her own in
 
 *528
 
 juries, the defense of contributory negligence is not made out and it is not a defense to the action.
 

 “Now, to sum up the issues, if you find, by the greater weight of the evidence, first, that the defendant was negligent in any respect, as claimed in the petition, and that negligence directly and proximately caused the decedent’s injuries, then your verdict is for the plaintiff against the defendant, providing you further find the decedent to be free from any negligence directly contributing to bring about her own injury. If, upon the other hand, you fail to find, by -the greater weight of the evidence, that the defendant was negligent in any respect as charged, or if you find the defendant to have been negligent in one or more of the respects charged, but you fail to find, by the greater weight of the evidence, that that negligence directly and proximately caused the decedent’s injury, or if your finding should be that the decedent herself was negligent, directly contributing to bring about her own injury, then, and in those events, or any one of them, your verdict would be for the defendant.”
 

 As the evidence in this case was in conflict as to whether plaintiff’s negligence, if any, was a proximate cause of her injuries the trial court properly left the question to the jury under proper instructions.
 

 The answers to the interrogatories disclose that plaintiff was negligent in attempting to cross the street, but neither of the answers disclosed that such negligence was a proximate cause of her injury.
 

 As the bill of exceptions discloses some evidence from which the jury might properly make its finding, we are bound by the verdict of the jury that decedent’s ¿negligence, if any, was not a proximate cause of the Injury.
 

 In defendant’s brief it is said:
 

 '“The only evidence as contained in the bill of ex-
 
 *529
 
 eeptions and submitted by the plaintiff in the Common Pleas Court, was to the effect that the decedent came out of the most northerly entrance of the Dolak grocery store (plaintiff’s exhibit C — about thirty-five feet north of the northeast corner of the intersection of Steel street and Midland avenue), turned to her left, walked to the customary crosswalk, stood at the curb, looked both ways, proceeded to cross, and when out beyond the center of said intersection, was struck by defendant’s automobile traveling at an excessive rate of speed.
 

 “The foregoing theory, upon which plaintiff predicated her law suit, was corroborated by all of the evidence introduced by plaintiff. The jury, however, apparently did not believe any of the plaintiff’s testimony since they answered interrogatories numbers 1 and 2 in the affirmative.”
 

 The jury’s verdict and the answer to the interrogatories do not justify the foregoing conclusion of defendant.
 

 No interrogatory was submitted to the jury as to whether any negligent act of plaintiff’s decedent was a proximate cause of her injury. The answers to the interrogatories not being inconsistent with the jury’s verdict, the trial court committed no error in overruling both the motion for judgment
 
 non obstante veredicto
 
 and the motion for new trial, and the Court of Appeals committed no error in affirming the judgment of the trial court.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman and Stewart, JJ., concur.
 

 Matthias, Hart and Sohngen, JJ., dissent.