Matthias, J.
The conclusions of the Court of Appeals are stated in a brief per curiam opinion, which is in part as follows:
“The record in this case has been carefully read by each of the members of the court and in applying legal principles as we understand them to be to the established facts, we are not all of the same opinion as to the judgment to be rendered.
“Judges Skeel and Doyle are of the opinion that Smith v. Zone Gabs, 135 Ohio St., 415; Glasco v. Mendelman, 143 Ohio St., 649, and Betras, Admr., v. G. M. McKelvey Co., 148 Ohio St., 523, preclude them from finding, as a matter of law, that the decedent was guilty of negligence proximately causing his death for the reason that the Supreme Court in the cited cases has ruled that in cases of this nature, conceding the negligence of the decedent, the issue of proximate cause is a jury question. These judges, however, are of the opinion that the finding of the jury, that negligence of the decedent was not a contributing proximate cause of his death, is manifestly against the weight of the evidence. Judge Hurd, is not of this opinion.
“In view of the fact that we find no other errors of a prejudicial character and are not unanimously of the opinion that the judgment is manifestly against the weight of the evidence, we find it necessary to affirm the judgment.”
*492 The Court of Appeals evidently refrained from entering into a consideration of the question whether, upon the record in this case, the decedent was negligent and his negligence was a proximate cause of his injury, for the reason that this court in the cases above cited has, at least inferentially, held that in every such case, regardless of what the record discloses as to the negligence of the decedent or even if such negligence is conceded, the issue of proximate cause must be submitted to the jury and, therefore, that in no instance, where a plaintiff’s contributory negligence is in issue, may the trial court or a reviewing court determine that, as a matter of law, such negligence was a proximate cause of his injury.
This court was not unanimous in the decisions of the cases cited above. The statement of Weygandt, C. J., in the opinion in Lawrence v. Toledo Terminal Rd. Co., 154 Ohio St., 335, 96 N. E. (2d), 7, is pertinent. It is as follows:
“To sustain his contention that the issue of proximate cause presents a question for the jury, the plaintiff cites and relies on the decision of this court in the case of Smith v. Zone Cabs, 135 Ohio St., 415, 21 N. E. (2d), 336. However, it is important to note the distinguishing statement that such issue ‘is one for the jury provided the state of the record is such that reasonable minds may differ on the conclusions to be drawn from the evidence on that issue.’ ”
Paragraph three of the syllabus in that case states that “the questions of contributory negligence and proximate cause should not be submitted to a jury unless reasonable minds may differ on the conclusions to be drawn from the evidence on those issues.”
The question confronting the reviewing court is the same as that presented to the trial court on a motion to direct a verdict or a motion for judgment non obstante veredicto. The rule applicable in such cases *493 lias been so frequently stated that it should be considered as fully established.
No more complete or definite statement of such rule has been made than the syllabus in Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Lee, Admr., 111 Ohio St., 391, 145 N. E., 843, which reads as follows:
“1. In an action where the negligence of the defendant is admitted or proven, and contributory negligence on the part of the plaintiff is an'issue, and the plaintiff’s evidence raises a reasonable presumption of negligence on his part, directly contributing to his injury, the burden is cast upon him to furnish proof, as a part of his case in chief, tending to dispel such inference, and a failure to furnish any such proof will defeat a recovery by him and it then becomes the duty of the court to direct a verdict.
“2. In an action involving the negligence of the defendant and contributory negligence of the plaintiff when, giving to every portion of the plaintiff’s evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, but, for the purposes of the case, becomes an uncontroverted fact for a declaration by the court of the law applicable thereto. It is the duty of the court in such case to direct a verdict.”
Similar declarations of the law have been made by this court in numerous cases holding that negligence and proximate cause may under established facts present only questions of law. Some of such cases are as follows: Buell, Admx., v. New York Central Bd. Co., 114 Ohio St., 40, 150 N. E., 422; Youngstown & Suburban Ry. Co. v. Faulk, 118 Ohio St., 480, 161 *494 N. E., 530; Bartson v. Craig, an Infant, 121 Ohio St., 371, 374, 169 N. E., 291; New York Central Rd. Co. v. Stevens, Admr., 126 Ohio St., 395, 185 N. E., 542, 87 A. L. R., 884; Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246; and Winkler v. City of Columbus, 149 Ohio St., 39, 77 N. E. (2d), 461.
It is to be observed that in defendant’s assignment of errors there is not included the refusal of the Court of Appeals to hold that as a matter of law no negligence of the defendant was shown or that any such negligence was not a proximate cause of the injury of the decedent, but only the refusal of that court to hold that the record disclosed contributory negligence of the decedent and that such negligence was a proximate cause of his injury and death. Since the Court of Appeals held that it was not within its province to determine whether the contributory negligence of the decedent was a proximate cause of his injury but that such issue must necessarily be left to the jury for its determination, it becomes necessary for this court to determine whether by the record in this case it is shown that the decedent was negligent and that such negligence contributed directly or proximately to cause his injury.
The record discloses the following facts some of which are in dispute, but all of which, for the purpose of this decision, must be accepted as true:
The decedent was injured while crossing West 35th street in the city of Cleveland, where Hillcrest avenue originates and extends east and Schiller avenue joins West 35th street from the west. Hillcrest avenue is slightly south of the point where Schiller avenue joins West 35th street, so that a person walking east on the south side of Schiller avenue toward West 35th street would have to turn south 40 feet in order to continue eastward on Hillcrest avenue. It does not appear that there were any marked crosswalks at the intersections.
*495 The decedent was struck by a southbound streetcar operated by the defendant as he crossed West 35th street from a location on the west side of that street south of Schiller avenue to reach a streetcar stop on the east side of West 35th street south of Hillerest avenue for the purpose of boarding a northbound streetcar.
The accident occurred about 7 a. m. on December 6, 1947. The decedent ha.d alighted from an automobile on the west side of West 35th street about 50 feet south of the south curb of Schiller avenue. The southbound streetcar of the defendant was then at or near Cypress avenue to the north, a distance of about 270 to 280 feet from the place of injury. The streetcar was fully lighted. Decedent looked to the north and then proceeded, “walking in a hurry” across West 35th street. When decedent looked to the north the streetcar was at the intersection of Cypress avenue and West 35th street. The speed of the streetcar was variously estimated, the highest estimate being 35 to 40 miles per hour.
There is evidence that the path in which decedent traveled was in a line at right angles with West 35th street and approximately 50 feet south of Schiller avenue. The point in the street where the decedent was struck is about 25 feet from the east curb of West 35th street and at or near the paved strip between the northbound and southbound tracks. Decedent was struck by the left front portion of the streetcar, and following the collision his body was within the rails of the northbound track.
From the evidence as to the speed of the streetcar (estimated at from 51 to 59 feet per second) and the distance traveled by decedent when he left his place of safety at the curb and hurried at a fast walk directly in front of the streetcar, there can be no other reasonable inference drawn than that the decedent, *496 although having observed the fully lighted streetcar approaching, without again looking continued his rapid pace intent upon reaching the point on the opposite side of the street where he was to board a northbound streetcar. The decedent was familiar with the physical conditions at that place and the hazard incident thereto and knew that in crossing the tracks he was in a potential place of danger, requiring exercise of ordinary care on his part to avoid injury to himself.
Although it is uncertain from plaintiff’s evidence whether the decedent crossed the street at right angles or diagonally to reach the northbound streetcar stop and whether he had completely crossed the southbound track to a place of comparative safety between the tracks and then stepped back into the path of the car or was struck by the streetcar before he had completed his passage across the southbound track, neither of these questions is important for the reason that the undisputed evidence is that immediately before the streetcar reached the place of injury the decedent was on the track. His presence there, under the facts disclosed by the record, was clearly a proximate cause of his injury. Nowhere is there shown any explanation or reason for his presence therein; there is no evidence, for instance, that he was forced into this place of danger by any emergency such as travel approaching from either direction.
Referring to the well established rule previously stated, there can be no recovery by a plaintiff in an action for damages for negligence, even though the defendant was negligent, if the plaintiff’s (in this case the decedent’s) own negligence contributed directly and proximately to cause the injury. That the decedent was negligent and that his negligence did contribute directly and proximately to cause his injury clearly appears from the evidence shown by the record.
*497 Since the trial court erred in refusing to direct a verdict for the defendant and in overruling the motion for judgment non obstante veredicto, it is unnecessary to consider or determine other claimed errors in the trial of the case.
This court coming now to enter the judgment which the Court of Appeals should have entered, the judgment of the Court of Common Pleas is reversed and final judgment is entered for the defendant.

Judgment reversed.

Weygandt, C. J., Stewart, Taft and Hart, JJ., concur.
Zimmerman and Middleton, JJ., concur in the syllabus.