GATES, ADMR., APPELLEE, *v.* STRONG, APPELLANT.

[Cite as Gates v. Strong, 14 Ohio App. 2d 121.]

122

(No. 327—Decided November 16, 1966.)

*Mr. Joseph A. Oths,* for appellee.
*Messrs. Walker & Mollica,* for appellant.

GRAY, J.   This matter is in this court on appeal on questions of law and fact from a judgment of the Court of Common Pleas of Vinton County.   As this is not a proper case to appeal on questions of law and fact such appeal will be dismissed and the cause retained in this court on questions of law only.

The record shows that plaintiff's decedent, his son, was eight years of age in January 1963.   On the night of January 13, 1963, at about 7 o'clock in the village of Mc-Arthur, plaintiff's decedent was standing on the southeast corner of Market and Mill streets.   At that time and place a Mr. Morrow, who had been driving north on Market Street, stopped at the intersection to make a left-hand

turn into Mill Street, and, also at that time, defendant was driving south on Market Street.

All the actions of plaintiff's decedent are not delineated in the bill of exceptions, but from the evidence and the inferences therefrom it can be deduced he traveled in a course across Market Street and passed within a half car length of the rear of the Morrow car. He was struck and killed by defendant's automobile within a few feet of the curb on the west side of Market Street.

Defendant testified that he saw the boy only an instant before hitting him.

Morrow testified that he saw defendant coming south on Market Street when defendant was about even with the side doors of the Court House and about a block away and while he (Morrow) was waiting to make his left turn. Plaintiff's decedent was then on the street corner.

There was no cross-walk marked on the street. The boy was about at the centerline when next noticed by Mr. Morrow, and the boy was illuminated by the beams from the headlights of defendant's car.

Mr. Morrow testified that the body of the boy, after the accident, was about eighty feet beyond the intersection and defendant's car was two car lengths beyond that point. He testified further that the street was dry, the weather was clear and the area was lighted by a flood street light. He testified further that dirt had been rubbed off defendant's car underneath the bumper on the right side of the car near the headlight. It could readily be inferred that the right side of the car struck the boy and, from other testimony, that the impact took place within a few feet of the west curb.

Succintly put, plaintiff's decedent was seen on the street corner, he was next seen by Morrow one-half car length behind Morrow's car. Defendant saw the boy's head in front of defendant's car immediately before impact. Plaintiff's decedent's body was found near the curb on the west side of Market Street.

The issues were submitted to the jury which found for plaintiff.

Defendant, feeling aggrieved thereby, filed his notice of appeal and assignment of errors which are as follows:

"1. The court below erred in overruling this appellant's motions for a directed verdict.

"2. The court below erred in its general charge to the jury.

"3. The damages are excessive, appearing to have been given under the influence of passion or prejudice.

"4. The verdict and judgment is contrary to law and manifestly against the weight of the evidence.

"5. The court below erred in overruling defendant's motions for a judgment notwithstanding the verdict or, in the alternative, for a new trial.

"6. Other errors of record."

When we analyze the assignment of errors we find the following claims by defendant. One, the plaintiff did not sustain his burden of proof. Two, plaintiff's decedent was guilty of contributory negligence. Three, the court erred in submitting the question of plaintiff's decedent being in the cross-walk. Four, the trial court erred in its definition of a cross-walk. Five, the court erred in reading all of the first paragraph of Section 4511.21, Revised Code, to the jury after the trial court eliminated from the consideration of the jury the fourth specification of negligence which pertained to the question of defendant not stopping within the assured clear distance ahead. And, six, the damages were excessive and appear to have been given under the influence of passion or prejudice.

Frankly, we think that a jury question was presented on the questions of the negligence of defendant and the contributory negligence of plaintiff's decedent. In finding for plaintiff, the jury must have found that defendant was negligent and that the boy was free from contributory negligence. The boy was entitled to preferential treatment if he was in the cross-walk. He was a boy eight years of age, and his actions were to be judged by the judgment of other boys eight years of age under the circumstances. The defendant was an adult, familiar with this street. The operator of a motor vehicle approaching a crossing must anticipate the presence of pedestrians therein and is under

a duty of continuous observation and care when approaching a crossing.

Defendant objects to the trial court instructing the jury on the question of the boy being in the cross-walk and further objects to the trial court's definition of a cross-walk. The cross-walk was unmarked. The trial court omitted the words, "and curb lines," from its definition of "cross-walk." It may well be that there were no curb lines on Mill Street, and, if so, the court properly omitted the words, "and curb line." It also may well be that the boy was in the cross-walk when he was struck. If he was not in the cross-walk, it is still a jury question under the holding of *Smith* v. *Zone Cabs*, 135 Ohio St. 415.

Defendant was a block away when the boy was standing on the street corner, and the street was lighted. The street was dry. There was evidence that the right-hand side of defendant's car struck the boy near the west curb of Market Street. Defendant's car traveled eighty feet plus two car lengths after it struck the boy. Under these facts this court is asked to find as a matter of law that defendant was not guilty of negligence and that the boy was guilty of contributory negligence. This we cannot do. We firmly believe that the position of the boy relative to his proximity to the cross-walk is a question for the determination of the jury under disputed facts, which determination we are disposed to leave untouched.

The trial court eliminated the question of defendant not operating his motor vehicle in such a way as to be able to stop within the assured clear distance ahead. Then, later in the charge, it read all of the first paragraph of Section 4511.21 of the Revised Code, which contains the statutory language pertaining to a motor vehicle operator being able to stop within the assured clear distance ahead. This is claimed error on the part of the trial court.

We do not think that it is necessarily reversible error to read part of a Code section which is inapplicable, especially when the court instructed the jury that the question of defendant being able to stop within the assured clear distance ahead was not in the case.

The test in such instances is not whether such language

possibly could mislead the jury, but whether it probably did. We think there was ample evidence upon which the jury did decide the issues.

Substantial justice has been done the appellant as shown by the record of the proceedings and judgment under review.

Finally, we come to the question of excessive damages. In general, the amount of damages rests within the discretion of the jury, even though a court might have awarded a lesser amount upon the same evidence; and a verdict will not be set aside unless it appears that the verdict was the result of passion and prejudice. We have carefully studied the record, and we cannot find any evidence supporting the contention that any passion or prejudice appeared in the verdict of the jury.

In such a case as the one before us there is no exact rule regarding the amount of damages which a jury may award. We cannot substitute our judgment for the verdict of the jury.

We believe that defendant received a fair trial. We do not find any error in those assigned. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN, P. J., and CARLISLE, J., concur.