OPINION
Plaintiff James Needs appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of defendant Shawn Lowry on appellant's complaint for personal injury received in a pedestrian-car accident. Appellant assigns two errors to the trial court.
 ASSIGNMENTS OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE LOWRY'S MOTION FOR SUMMARY JUDGMENT WHEN REASONABLE MINDS COULD CLEARLY COME TO A CONCLUSION IN FAVOR OF APPELLANT JAMES NEEDS.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE LOWRY'S MOTION FOR SUMMARY JUDGMENT WHEN THERE ARE CLEARLY MATERIAL FACTS IN DISPUTE.
The record indicates a vehicle driven by appellee struck appellant on 30th Street N.W., in the City of Canton, Stark County, Ohio. Appellant admitted he was not in a cross-walk. The accident occurred on January 15, 1997, at approximately 9:40 p.m. The parties agree it was raining. 30th Street N.W., in the area of the accident is a five-lane street, being two westbound lanes, two eastbound lanes, and a center lane to be used for vehicles turning either north or south. In his deposition, appellant testified he walked to Hollywood Video on 30th Street to rent a movie, and but did not find what he wanted. Subsequently, he left Hollywood Video and began to cross 30th Street to a grocery store on the south side of the street. Appellant testified he walked to the curb, looked to the right and the left. Appellant saw no cars. Appellant testified he was in a hurry, and did not stop once he began to cross the street. As he reached the middle of the road, he again looked right and left, where he immediately saw headlights and was struck. Appellant concedes there was a cross-walk a short distance away but instead he chose not to use it. Appellant testified he was wearing dark clothing, and had a dark hood pulled over his head against the rain. Appellee had also gone to Hollywood Video that night. Appellee testified he got into his Dodge Neon and turned eastbound out of the parking lot. Appellee pulled into the northern eastbound lane, that is, the inside lane closer to the turning lane, rather than the curb lane. Appellee testified he remembered seeing appellant standing in the middle turning lane, but as he approached, appellant darted out in front of his car, so quickly appellee was unable to apply his brakes or swerve. Appellee was going no faster than 35 miles per hour. Appellee's car had a manual transmission, and appellee testified he was in second gear at the time of the impact. Appellee also deposed when he exited Hollywood Video, he came to a complete stop just before the roadway and looked for on-coming traffic before he pulled out. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. Admissions by a party are conclusively established, but not necessarily the factual significance of those admissions, State Farm Mutual Automobile Insurance Company v. Valentine (1971), 29 Ohio App.2d 174. A reviewing court reviews a summary judgment with the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Supreme Court explained the parties' duties on summary judgment. The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party cannot discharge its burden by making a conclusory assertion that its opponent has no evidence to prove its case. If the moving party satisfies this burden, the non-moving party then has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Only if the non-moving party does not do so may summary judgment be entered against the non-moving party, Vahila at 429, citations deleted. A trial court should award summary judgment with caution, being careful to resolve any doubt in favor of the non-moving party, Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356. In its judgment entry of December 6, 1999, the trial court noted appellant admitted he was crossing outside of the sidewalk. The trial court found pursuant to R.C. 4511.48, pedestrians crossing at any point other than a cross-walk must yield the right-of-way to all vehicles. The court found failure to do so is negligence per se, Smith v. Zone Cabs (1939), 135 Ohio St. 415. The court noted, R.C. 4511.48 also provides that the operator of the motor vehicle is not relieved from exercising due care to avoid colliding with pedestrians who are not using a cross-walk. The trial court found appellant had not offered any evidence to support the allegation appellee failed to use due care. Appellant had asserted he believed the appellee could have been speeding, but admitted he did not see the vehicle until he was struck. The trial court found the testimony of the appellant, even when construed most favorably towards him, supported appellee's testimony. The court found appellant was walking in the middle of the turn lane, without stopping from the time he left the curb. When he reached the middle turn lane he looked left and then right, and was immediately struck by appellee's car. The court concluded appellant had offered no evidence appellee failed to exercise due care. Appellant argues R.C. 4511.33 requires appellee to not change lanes of travel until he first ascertains that such movement could be made safely. However, the record does not demonstrate appellee was in the process of changing lanes when the accident occurred. Appellee testified he turned directly into the center eastbound lane from the parking lot, and was traveling straight when he struck appellant. R.C. 4511.44 requires the operator of a vehicle who is about to enter a highway from any place other than another roadway to yield the right of way to all traffic approaching on the roadway, including pedestrians. Again, the record does not contain any evidence appellant was struck while appellee was negotiating the turn from Hollywood Video on to 30th Street. The sole testimony in the record was that appellee was traveling straight in a lane some distance after the turn. We have reviewed the record as the parties developed it, and we find the trial court did not err in sustaining appellee's motion for summary judgment. Although, as appellant point out, there may be certain facts in dispute, those facts are not material and the trial court construed the evidence in appellant's favor in making its decision. Both the appellant's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Reader, V.J., concur